# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY M. CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. ED CV 13-0557 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Tracey M. Clark ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of her examining physician. (Joint Stip. at 9-12.) The Court agrees with Plaintiff for the reasons stated below.

    A.    <u>The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting Dr. Robert F. Steinberg's Examining Opinion</u>

An ALJ may reject the controverted opinion of an examining physician only for "specific and legitimate reasons that are supported by substantial evidence." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008)

(quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

Here, the ALJ provided one reason for rejecting Dr. Steinberg's opinion. The Court addresses, and rejects, it below.

The ALJ improperly rejected Dr. Steinberg's opinion as internally inconsistent. (*See* Administrative Record ("AR") at 30.) In particular, Dr. Steinberg opined that Plaintiff "could not stand or walk for any significant time on a sustained basis," even though she "had not been walking with any aids during the physical exam." (*Id.* at 31.) However, the Court does not find any inconsistency here. Dr. Steinberg restricted Plaintiff as he did because Plaintiff moved "slowly due to pain," "[h]er pain occurs on a daily basis, and movement and positioning will affect the pain." (*Id.* at 1085, 1090.) An ambulative device would not necessarily alleviate Plaintiffs's pain and, moreover, none of Plaintiff's physicians suggest that it would. It is thus inappropriate for the ALJ to make such an assumption. (*See generally* AR; *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (ALJ may not make his own medical assessment beyond that demonstrated by the record).) Accordingly, there is no inconsistency in Dr. Steinberg's opinion.[1]

For the reasons stated above, the Court determines that the ALJ improperly discredited the opinion of Plaintiff's examining physician. The Court thus determines that the ALJ's decision is not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

---

[1] The Commissioner also argues that the ALJ rejected Dr. Steinberg's opinion as inconsistent with the treatment records. (Joint Stip. at 22.) However, the Court's review is limited to the reasons *actually cited* by the ALJ in his decision. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). Because, the ALJ did *not* put forth any such argument in his decision, the Court may not consider it here. (*See generally* AR at 26-33.)

B.  Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, the credibility of Dr. Steinberg must be properly assessed. Therefore, on remand, the ALJ shall reevaluate his opinion and either credit it as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[2]

Dated: February 19, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[2] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 12-15, 25-29, 36-40.)